### UNITED STATES DISTRICT COURT
### MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**UNITED STATES OF AMERICA**

**VS.**                                    **CASE NO: 6:16-cr-262-Orl-28TBS**

**LEONE ALFANO LA CAVA**

---

### ORDER

Defendant Leone Alfano La Cava's Emergency Motion for Sentence Reduction to Time Served Pursuant to 18 U.S.C. § 3582(c)(1)(A) and Corona Virus (Covid-19) (Doc. 208) is before the Court for consideration.  The Government opposes the motion. (Doc. 210).   Because Defendant La Cava failed to exhaust his administrative remedies, his motion is due to be denied.

Defendant La Cava pled to Count One of the Superseding Indictment, conspiracy to commit wire fraud in violation of 18 U.S.C. § 1349. (Doc. 86). Defendant La Cava participated in a conspiracy to engage in a wire fraud scheme for the purpose of obtaining funds from individuals located in Italy through real estate investments offered in connection with two businesses he owned in Florida. Rather than use the proceeds received from investors to purchase any properties they believed they were buying, Defendant La Cava diverted some of the funds for personal use. (*Id.*). Defendant La Cava and his conspirators defrauded approximately 93 known victims and promised to sell 67 different properties to those victims. (*Id.*). Of those, only 4 resulted in victims receiving title to the property they believed they were purchasing. (*Id.*). Of the other sales, 32 involved properties Defendant La Cava never owned, 17 involved properties that did not exist, and 14 involved properties that Defendant La Cava sold to someone else. (*Id.*).  The total amount of loss to the victims

was $5,298,979.65. (PSR, Doc. 145).  Defendant La Cava agreed and acknowledged that he diverted funds from investors to purchase real estate and vehicles for himself or his co-conspirator.  (Doc. 86).  On August 17, 2018, this Court sentenced Defendant La Cava to 97 months followed by three years of supervised release. (Docs. 150, 155).  Defendant is 63 years old and his projected release date is August 29, 2025. (Doc. 210).

Defendant, relying on 18 U.S.C. § 3582(c)(1)(A), argues the Covid-19 pandemic and his health problems are extraordinary and compelling reasons sufficient to release him to time served.

The Court must first consider whether Defendant has exhausted his administrative remedies.  Under 18 U.S.C. § 3582(c)(1)(A), as amended by Section 603(b) of the First Step Act, the Court may act "upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier."

Defendant asked the Warden for relief on August 31, 2020 (Doc. 208-1) and on September 10, 2020, the Warden denied Defendant's request.  (Doc. 208-2).  While the Warden's letter does not address the appeal process, Defendant had twenty days to appeal the Warden's denial to the Regional Director of the BOP, and if denied at that level, thirty days to appeal to the General Counsel.  28 C.F.R. § 542.15(a).  The General Counsel is the final administrative appeal. (Id.).

Twenty days expired on September 30, 2020.  That day has come and gone and there is no indication Defendant commenced an appeal.  Neither the Government nor

Defendant has supplied evidence of an appeal;[1] rather, both rely on the "lapse" of 30 days from the submission of Defendant's request to argue the Court may now consider Defendant's motion.  But 18 U.S.C. § 3582(c)(1)(A) is clear: this Court can only act on a motion from Defendant when his request to the warden has *lapsed* after 30 days *or* Defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on his behalf. Here, Defendant's request did not lapse as the warden responded and Defendant did not appeal the warden's decision. *See United States v. Wojt,* No. 8:18-cr-00417-T-02AEP, 2020 WL 3128867, at *1 (M.D. Fla. June 12, 2020)("A warden's denial does not constitute a final administrative decision and as Defendant provides no evidence of an appeal, Defendant has not exhausted his administrative remedies.").

Because the Government has agreed Defendant has exhausted his administrative remedies (Doc. 210 at 10), the Court must consider whether the issue is waived. The Eleventh Circuit has not yet considered whether the exhaustion of administrative remedies as set forth in 18 U.S.C. § 3582(c)(1)(A) may be waived.  The district courts are split on the issue. Many have concluded it cannot be waived (*United States v. Smith,* No. 8 :17-cr-412-T-36AAS, 2020 WL 2512883, at *4 (M.D. Fla. May 15, 2020)(collecting cases)), while others have concluded it can be waived (*United States v. Smith,* No. 12 Cr. 133 (JFK), 2020 WL 1849748, at *2 (S.D.N.Y. April 13, 2020)(collecting cases)). This Court agrees that exceptions cannot be read into statutory exhaustion requirements where Congress has provided otherwise such as set forth in 18 U.S.C. § 3582(c).  *See e.g., Ross v. Blake,*

---

[1] The Government confirms that Defendant "failed to file an administrative appeal of the Warden's decision." (Doc. 210 at 10).

136 S. Ct. 1850 (2016).    Thus, the Court concludes the exhaustion of administrative remedies in 18 U.S.C. § 3582(c) cannot be waived.

The failure to exhaust administrative remedies within the BOP is fatal to a defendant's motion for compassionate release. *United States v. Raia*, 954 F. 3d 594, 597 (3d Cir. 2020). ("Given BOP's shared desire for a safe and healthy prison environment, we conclude that strict compliance with § 3582(c)(1)(A)'s exhaustion requirement takes on added—and critical—importance."); *see also United States v. Estrada Elias*, No. 6: 06-096-DCR, 2019 WL 2193856, at *2 (E.D. Ky. May 21, 2019); *accord United States v. Elgin*, Case No. 2:14-cr-129- JVB-JEM, 2019 U.S. Dist. LEXIS 86571, *2–3 (N.D. Ind. May 23, 2019); *cf. United States v. Leverette*, 721 F. App'x 916, 917 (11th Cir. 2018) (exhaustion of BOP remedies is requisite for judicial review under 28 U.S.C. § 2241).

Accordingly, having considered the above, Defendant's Emergency Motion for Sentence Reduction to Time Served Pursuant to 18 U.S.C. § 3582(c)(1)(A) and Corona Virus (Covid-19) (Doc. 208) is **DENIED.**

**DONE** and **ORDERED** in Orlando, Florida on October 2*6*, 2020.

JOHN ANTOON II
United States District Judge

Copies furnished to:
United States Attorney
United States Probation Office
Leone Alfano La Cava