# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**UNITED STATES OF AMERICA**

**VS.**                                    CASE NO. 6:16-cr-262-JA-GJK

**LEONE ALFANO LA CAVA**

---

## ORDER

Defendant La Cava filed a Renewed Motion for Reduction in Sentence to Time Served Pursuant to 18 U.S.C. § 3582(c)(1)(A). (Doc. 219).[1] To prevail on this motion, Defendant must satisfy two requirements: (1) that he exhausted his administrative remedies; and (2) that there are extraordinary and compelling reasons warranting a reduction. If the Court finds that Defendant satisfies these requirements, it may reduce the term of imprisonment after considering the factors set forth in 18 U.S.C. § 3553(a) (18 U.S.C. § 3582(c)(1)(A); U.S.S.G. § 1B1.13), and specifically finding that Defendant is not a danger to the safety of any other person or the community (U.S.S.G. § 1B1.13(2)). In light of recent caselaw from the Eleventh Circuit and the

---

[1] The Government opposes Defendant's Motion. (Doc. 224). The Court directed the Government to supplement its response regarding exhaustion of administrative remedies (Doc. 225) and both the Government and Defendant filed supplements as to that issue. (Docs. 226, 227). Defendant also filed medical records from the BOP. (Docs. 223, 231).

Government's agreement that because thirty days passed from the time Defendant submitted his request to the Warden at Estill FCI, the Court finds Defendant exhausted his administrative remedies. But, because Defendant cannot show extraordinary and compelling reasons for a reduction of his sentence, his motion must be denied. Furthermore, the § 3553 sentencing factors do not weigh in Defendant's favor.

On August 17, 2018, after Defendant pled guilty to Count One of the Superseding Indictment—conspiracy to commit wire fraud in violation of 18 U.S.C. § 1349—the Court sentenced him to 97 months of imprisonment followed by three years of supervised release. (Docs. 86, 150, 155). In committing this crime, Defendant participated in a conspiracy to engage in a wire fraud scheme for the purpose of obtaining funds from individuals located in Italy through real estate investments offered in connection with two businesses he owned in Florida. Rather than use the investor's money to purchase properties they believed they were buying, Defendant diverted the funds for his personal use. *(Id.)*. Defendant and his co-conspirator defrauded at least 85 victims. *(Id.;* Doc. 145 at ¶17*)*. Only four investors received title to the property they purchased. (Doc. 86). The total amount of loss to the victims was $5,298,979.65. (Doc. 145). Defendant acknowledged that he diverted funds from investors to purchase real estate

2

and vehicles for himself or his co-conspirator. (Doc. 86). Defendant is 64 years old and his projected release date is August 29, 2025. (Docs. 145, 219 at 4).

I. **LEGAL FRAMEWORK FOR REDUCTION IN SENTENCE**

"The authority of a district court to modify an imprisonment sentence is narrowly limited by statute." *United States v. Phillips,* 597 F.3d 1190, 1194-95 (11th Cir. 2010). Congress granted the courts limited authority to modify a sentence in 18 U.S.C. § 3582(c):

> **(c) Modification of an imposed term of imprisonment.**--The court may not modify a term of imprisonment once it has been imposed except that--
> **(1)** in any case--
> **(A)** the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that--
> **(i)** extraordinary and compelling reasons warrant such a reduction; or

3

> **(ii)** the defendant is at least 70 years of age,
> has served at least 30 years in prison, pursuant
> to a sentence imposed under section 3559(c), for
> the offense or offenses for which the defendant
> is currently imprisoned, and a determination
> has been made by the Director of the Bureau of
> Prisons that the defendant is not a danger to
> the safety of any other person or the
> community, as provided under section 3142(g);
>
> and that such a reduction is consistent with
> applicable policy statements issued by the
> Sentencing Commission.

Because Defendant is under 70 years old, he must show extraordinary and compelling reasons to qualify for modification of his sentence under § 3582(c).

Factors constituting extraordinary and compelling reasons are outlined in U.S.S.G. 1B1.13, the policy statement underlying 18 U.S.C. §3582. These reasons include Defendant's: (A) medical conditions, (B) age, if over 65 years, and (C) family circumstances. Neither (B) or (C) apply here because Defendant is not over 65 and he does not claim a relevant family circumstance.[2] Extraordinary medical conditions include (i) any terminal illness, and (ii) any

---

[2] Family circumstance is either (i) the death or incapacitation of the caregiver of the defendant's minor child or minor children or (ii) the incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner. U.S.S.G. 1B1.13, Application Note 1.(C). Defendant does not allege either of these conditions, alleging only that he wishes to assist his adult daughter and her children and his mother. While the Court is sympathetic to the circumstances of his daughter and mother, neither fall into the family circumstance category.

"serious physical or medical condition ... that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." U.S.S.G. §1B1.13, cmt. n.1(A). But, even when an extraordinary and compelling reason exists, a district court should only reduce a term of imprisonment if it determines that the defendant is not a danger to the public and the 18 U.S.C. § 3553(a) factors weigh in favor of release. *See* 18 U.S.C. § 3582(c)(1)(A); U.S.S.G. §1B1.13.

## II. DISCUSSION

### A. EXHAUSTION OF ADMINSTRATIVE REMEDIES

The first question is whether Defendant exhausted his administrative remedies because the failure to do so is fatal to his request. *United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020)("Given BOP's shared desire for a safe and healthy prison environment, we conclude that strict compliance with § 3582(c)(1)(A)'s exhaustion requirement takes on added—and critical—importance."). As set forth above, Defendant may ask the Court for relief after (1) he has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on his behalf or (2) there has been a lapse of 30 days from the receipt of such a request by the warden of the facility where Defendant is imprisoned. 18 U.S.C. § 3582(c)(1)(A).

5

"Section 3582(c)(1)(A)'s exhaustion requirement is not jurisdictional" but rather a claim-processing rule. *United States v. Harris*, 989 F.3d 908, 910-11 (11th Cir. 2021). It "may be 'mandatory' in the sense that a court must enforce the rule if a party properly raises it." *Id.* That is, the court must observe the limits of claim-processing rules when they are properly invoked by the Government. *Eberhart v. United States*, 546 U.S. 12, 17 (2005). Here, the Government agrees Defendant exhausted his administrative remedies because more than 30 days passed from the BOP's receipt of Defendant's request. (Doc. 224 at 5; Doc. 227 at 1).³ In light of *Harris* the Court addresses the merits of Defendant's request.

### B. DEFENDANT FAILS TO PRESENT ANY EXTRAORDINARY AND COMPELLING REASONS

Defendant bears the burden of establishing that release is warranted. *United States v. Heromin*, 8:11-cr-550-T-33SPF, 2019 WL 2411311, at *2 (M.D. Fla. June 7, 2019); *cf. United States v. Hamilton*, 715 F.3d 328, 337 (11th Cir. 2013).

---

³ In its supplemental response, the Government clarified "that while La Cava 'sought' other administrative remedies, the United States does not believe he has exhausted all available administrative remedies." (Doc. 227 at 1-2). This clarification is based on Defendant's failure to complete the appeal process of the Warden's denial of his request. (Doc. 227 at 4-5). The Government, however, maintains its position that the Court may consider the merits of Defendant's request. (Doc. 227 at 3).

Defendant argues the Covid-19 pandemic and his underlying health issues are extraordinary and compelling reasons sufficient to release him to time served. The Covid-19 pandemic does not fall into the specified categories of the Sentencing Commission's policy statement. The specified categories are serious medical conditions afflicting an individual inmate, not generalized threats to the entire population. "The mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release." *Raia*, 954 F.3d at 597. And "general concerns about possible exposure to COVID-19 do not meet the criteria for an extraordinary and compelling reason under U.S.S.G. § 1B1.13." *United States v. Smith*, 8:17-cr-412-T-36AAS, 2020 WL 2512883, at *6 (M.D. Fla. May 15, 2020).

Importantly, Defendant received both doses of the Pfizer Covid-19 vaccine. (Doc. 219 at 19; 224-2). "The Pfizer vaccine has proved to be 95% effective in preventing infection and even more effective in preventing severe disease." *United States v. Cortez*, No. CR-18-00858-01-PHX-SPL, 2021 WL 689923, at *1 (D. Ariz. Feb. 23, 2021)(*citing* FDA Decision memorandum, Pfizer-Dec. 11, 2020, https://www.fda.gov/media/144416/download). Defendant's vaccination precludes his argument that his exposure to Covid-19 is extraordinary and compelling for purposes of § 3582(c)(1)(A). *United States v. Smith*, No. 17-CR-20753, 2021 WL 364636, at *2 (E.D. Mich. Feb. 3, 2021).

Defendant's underlying conditions alone—apart from the risk of Covid-19—do not constitute extraordinary and compelling reasons justifying his release. Defendant claims he has suffered from asthma since 1969 and is required to use multiple inhalers. (Doc. 219 at 15).[4] According to the Presentence Report ("PSR") prepared in this case, Defendant has had asthma his entire life and was diagnosed with high blood pressure in 2007. (Doc. 145 at 21). However, "the defendant stated the last time he went to a doctor for his asthma or high blood pressure was when he resided in Venezuela," prior to 1995, 23 years before the PSR was prepared. (*Id.* at 20, 21)).[5] Defendant stated he had an Albuterol inhaler to use when suffering from asthma. (Doc. 145 at 21). Other than surgeries to repair a torn tendon in his shoulder, Defendant reported no other medical conditions at the time of his PSR. (*Id.*).

Defendant's BOP medical records[6] show that as early as January 23, 2019, the BOP added Defendant as a patient to its Hypertension and Pulmonary Chronic Care Clinics. (Doc. 223 at 45). As a result, Defendant's

---

[4] Defendant's daughter refers to her father having COPD (Doc. 219-1) but the first appearance of any reference to COPD in his medical records, including his PSR, is in the notes of his March 1, 2021 visit ("asthma/COPD since 1969"). (Doc. 231).

[5] The Court notes the discrepancy in the PSR between his stating he was diagnosed in 2007 for high blood pressure and not having been treated for it since 1995.

[6] Found at Docs. 223 and 231. Doc. 231, submitted on April 27, 2021, is a record from a March 1, 2021 visit but it is missing pages 1-4 and 7-8.

asthma and blood pressure are under control. (Doc. 223 at 41, 61, 62, 145, 159, 166, 168, 186, 200; Doc. 231). Similarly, the BOP is monitoring Defendant's thyroid issues and sent Defendant to outside physicians for an assessment of same. (Doc. 223 at 120, 110-11, 279, 175, 148, 150, 236; Doc. 231). But, on August 27, 2020—and again on October 8, 2020—Defendant refused to follow the BOP's treatment plan requiring that he consult a surgeon about his thyroid problem. (Doc. 223 at 155, 262). Defendant's last refusal was 8 days before he filed an emergency motion for compassionate release. (Doc. 208). [7]

On July 8, 2020, BOP medical providers noted that Defendant was mildly obese. (Doc. 223 at 168). The CDC advises that obesity puts one at an increased risk of severe illness from Covid-19 and asthma and hypertension might increase one's risks.[8] However, these conditions are not extraordinary. "According to the CDC, 108 million adults in the United States (nearly 45%)

---

[7] Defendant also refused other treatments proposed by the BOP. On January 10, 2019 he refused a treatment plan for his teeth. (Doc. 223 at 138). On January 11 and 17, 2019, he refused vision screenings. (*Id.* at indecipherable, 137). Defendant had a colonoscopy in September 2019 and the BOP scheduled a follow up colonoscopy in 2020. (Doc. 223 at 86). But on July 16, 2020, Defendant refused the follow up colonoscopy. (*Id.* at 276). On November 11, 2020, Defendant failed to pick up prescribed medication. (*Id.* at 143). And he has a history of leaving sick call before completion of his visit. (Left sick call "before triage was completed;" left the "medical building before VS were done;" and "went to sick call and was told to wait but when the nurse returned he had left.") (February 20, 2020, August 6, 2020, and August 7, 2020. *Id.* at 195, 164, and 163).

[8] https:///www.cdc.gov.

have high blood pressure or take medication for the condition. Similarly, as of 2017-2018, 42.4% of American adults suffer from obesity. Assuming federal prisoners experience these conditions at about the same rate as the general population, if either one qualified as an extraordinary and compelling reason, roughly half the prison population would be eligible for compassionate release." *United States v. Hayes*, No. 3:18-cr-37-J-34JBT, 2020 WL 3611485, at *2 (July 2, 2020, M.D. Fla.)(footnotes omitted).

None of the health conditions Defendant asserts diminish his ability to provide self-care in prison. Defendant fails to establish extraordinary and compelling reasons to grant him compassionate release.

### C. THE 18 U.S.C. § 3553(a) FACTORS WEIGH AGAINST GRANTING DEFENDANT RELIEF

If Defendant had presented extraordinary and compelling reasons—which he did not—the Court could grant a sentence reduction after considering the 3553(a) factors. 18 U.S.C. § 3582(c)(1)(A). In an abundance of caution, the Court has carefully considered the 3553(a) factors and finds that they also weigh against Defendant's request for relief.

### III. CONCLUSION

Defendant's Renewed Motion for Reduction in Sentence to Time Served

Pursuant to 18 U.S.C. § 3582(c)(1)(A) (Doc. 219) is **DENIED**.

**DONE** and **ORDERED** in Orlando, Florida, on June 1st, 2021.

JOHN ANTOON II
United States District Judge

Copies furnished to:
United States Attorney
United States Probation Office
Counsel for Defendant